UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE, NATIONAL ASSOCIATION, | : : : : |
| Plaintiff, | : Civ. No. 18-13946 (KM) (MAH) : : |
| v. | : : : : |
| JAMES FARAH and JULIA FARAH, husband and wife; AMERICAN EXPRESS NATIONAL BANK; and UNITED STATES OF AMERICA, | : : : : : : |
| | : REPORT AND RECOMMENDATION : |
| Defendants. | : : |

## I. INTRODUCTION

This matter is presently before the Court on the motion of Plaintiff, JPMorgan Chase, National Association, to remand the action to the Superior Court of New Jersey, Chancery Division, Morris County. *See* Pl. Mot. to Remand, D.E. 2. The District Court referred this matter to the Undersigned to issue a Report and Recommendation. This Court has considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court respectfully recommends that the District Court grant Plaintiff's motion and remand this matter to the Superior Court of New Jersey, Chancery Division, Morris County.

## II. BACKGROUND

Plaintiff, JPMorgan Chase, National Association ("Chase"), seeks to foreclose on a residential mortgage for the real property located at 522A Green Village Road, Chatham, New

Jersey, 07935 (the "Property").[1]  *See generally*, Compl., D.E. 2-2, Count I at ¶ 7; Count II at ¶¶ 1-3.  Defendants James and Julia Farah (collectively the "Defendant Mortgagors") at one time resided together at the Property.[2]  *See* Def. James Farah Answer; D.E. 2-3, at p. 1, Def. Julia Farah Answer, D.E. 2-4, at p. 1.  Defendant James Farah still resides there, however, Defendant Julia Farah currently resides in New York.  Def. James Farah Answer; D.E. 2-3, at p. 1, Def. Julia Farah Answer, D.E. 2-4, at p. 1.[3]

On May 24, 2018, Plaintiff commenced this mortgage foreclosure action in the Superior Court of New Jersey, Chancery Division, Morris County.  *See* Foreclosure Case Information Statement, D.E. 2-2, at p. 16-17.  Plaintiff represents that Defendant Julia Farah was personally served with the Summons and Complaint on May 29, 2018, and Defendant James Farah was personally served with the same documents on June 11, 2018.  Affidavits of Service, D.E. 2-5.

Plaintiff alleges that on January 17, 2008, Defendant James Farah executed a note (the "Note") to Washington Mutual Bank ("Washington Mutual") for $924,415.00.  *See generally*, Compl., D.E. 2-2, at ¶ 1.  The Note was to become due and payable on February 1, 2038.  *Id*.  To secure payment of the Note, Defendant Mortgagors executed a mortgage (the "Mortgage") to Washington Mutual for the Property.  *Id.* at ¶ 2.  Plaintiff alleges that it acquired the Note via a Purchase and Assumption Agreement from the Federal Deposit Insurance Corporation ("FDIC"),

---

[1] Unless otherwise noted, the factual background is derived from the Complaint removed to this Court.

[2] The mailing address of the property is 522A Green Village Road, Green Village, New Jersey, 07935. Compl., D.E. 2-2, at ¶ 3.  522A Green Village Road is also known as 5221 Green Village Road.  *Id*.

[3] As it may have judgments against Defendant James Farah, American Express National Bank is joined as a Defendant.  Pl. Compl., D.E. 2-2, at ¶ 10(a).  The United States is also joined as a Defendant, as there may be federal tax liens on the Property.  *Id.* at ¶ 10(b).

which was acting as receiver of Washington Mutual at the time of the transaction. *Id*. at ¶ 4; Statement of Facts and Procedural History, Pl. Br. in Supp. of Mot. to Remand, D.E. 2-6, at p. 3, ¶ 3. Plaintiff alleges that it acquired the Mortgage from the FDIC via an Assignment of Mortgage dated December 22, 2014. Compl., D.E. 2-2, at ¶ 4; Statement of Facts and Procedural History, Pl. Br. in Supp. of Mot. to Remand, D.E. 2-6, at p. 3, ¶ 3.

Plaintiff further alleges that Defendant James Farah defaulted on the Note by failing to make the August 1, 2010 payment and each payment thereafter. Compl., D.E. 2-2, at ¶ 7. As the default remains uncured, Plaintiff seeks the entire principal sum due on the Note plus accelerated unpaid interest, advances, fees and costs. *Id.* Plaintiff further seeks to foreclose on the Mortgage and the Property under New Jersey state law. *Id.* at ¶ 11. Plaintiff also seeks possession of the Property. *Id.* at Count II, ¶¶ 1-3.

On August 16, Defendant Mortgagors each filed Answers and asserted counterclaims against Plaintiff. Defendant Mortgagors' Answers are nearly identical. Both assert seven counterclaims against Plaintiff: (1) fraud by commission, omission and nondisclosure, (2) breach of contract, (3) negligence, (4) fraud in the inducement and execution, (5) misrepresentation and identity theft, (6) violations of the New Jersey Consumer Fraud Act, and (7) defamation of credit. *See generally*, Def. James Farah Answer, D.E. 2-3; Def. Julia Farah Answer, D.E. 2-4.

On August 27, 2018, Plaintiff filed a motion to appoint a rent receiver in the Superior Court of New Jersey, Chancery Division, Morris County. On September 21, 2018, Defendant Mortgagors removed the action to this Court based on federal question jurisdiction. *See* Notice of Removal, D.E. 1-1, at ¶ 2. On October 4, 2018, Plaintiff filed a motion to remand the action back to the Superior Court of New Jersey. Pl. Mot. to Remand, D.E. 2. Albeit late, Defendant Mortgagors opposed Plaintiff's motion. Defs. Br. in Opp. to Mot. to Remand, D.E. 4. The

motion was fully briefed as of November 19, 2018. *See* Pl. Reply Br. in Supp. of Mot. to Remand, D.E. 7; Defs. Sur-Reply Br. in Opp. to Mot. to Remand, D.E. 8; Defs. Supplement in Further Opp. to Mot. to Remand, D.E. 9.

### III.  DISCUSSION

As an initial matter, the Court notes that a decision to remand is dispositive. *In re U.S. Healthcare,* 159 F. 3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, this Court addresses Plaintiff's motion via Report and Recommendation.

Plaintiff argues that the matter should be remanded to the Superior Court of New Jersey, Chancery Division, Morris County for two reasons. First, Plaintiff submits that state-law foreclosure actions do not provide a basis for federal question jurisdiction. Pl. Br. in Supp. of Mot. to Remand, D.E. 2-6, at 5. Second, Plaintiff submits that Defendant Mortgagors' September 21, 2018 removal was untimely as the deadline to remove was July 11, 2018. *Id*. at 8.

Defendant Mortgagors submit myriad arguments in opposition to Plaintiff's motion. Defendant Mortgagors contend that the FDIC's transfer of the Note and Mortgage to Plaintiff was invalid under the Purchase and Assumption Agreement. Defs. Br. in Opp. to Mot. to Remand, D.E. 4, at 8. As the Purchase and Assumption Agreement "is a document subject to federal common law," Defendant Mortgagors submit that there must be "substantial questions of federal law." *Id.*[4] Defendant Mortgagors ultimately conclude that Plaintiff does not possess

---

[4] Defendant Mortgagors cite *Excel Willowbrook, L.L.C. v. JP Morgan Chase Bank, Nat. Ass'n*, 740 F.3d 972, 977 (5th Cir. 2014) for the proposition that "[t]he interpretation and effect of the P & A Agreement is governed by the federal common law of contracts." *See* Defs. Br. in Opp. to Mot. to Remand, D.E. 4, at 8 n.3. Later in their brief, Defendant Mortgagors claim that

valid title, cannot establish standing, and cannot foreclose on the Property. Defs. Supplement in Further Opp. to Mot. to Remand, D.E. 9, at 3.

Next, Defendant Mortgagors submit that their removal was timely as it was not until they received Plaintiff's motion to appoint a rent receiver that they determined that the case was removable under 28 U.S.C. § 1446(b)(3). *Id.* at 6.

### A. Removal

Removal of a civil case to a federal court is governed by 28 U.S.C. § 1441. A defendant may remove an action brought originally in state court only if the plaintiff could have filed the complaint within the original jurisdiction of the federal court. 28 U.S.C. § 1441(b); *see also* 28 U.S.C. §1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . "). A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c); *see Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting that a federal court cannot proceed without subject matter jurisdiction, nor can a party waive such jurisdiction).

As the party asserting federal jurisdiction by way of removal, the defendant bears the burden of establishing that subject matter jurisdiction exists at all stages in which the case is properly before the federal court. *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Section 1441 is to be construed strictly; all doubts must be resolved in favor of remand. *Id.*; *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)

---

Washington Mutual violated the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub. L. No. 101-73, 103 Stat. 183, (1989). *Id.* at 12.

("[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citations omitted) (internal quotations marks omitted); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of [federal] jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.") (citations omitted).

Title 28, Section 1446(b)(1) of the United States Code states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1).[5] The Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). The Court based this interpretation of Section 1446 "in light of a bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347.

Accordingly, "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) (citing *Murphy*, 526 U.S. at 350.).

---

[5] The Third Circuit has interpreted the words "initial pleading" to mean the complaint. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222–23 (3d Cir. 2005).

### B. Remand

In determining whether an action should be remanded to state court from which it was removed, "a district court must focus on the *operative* complaint at the time the petition for removal was filed." *Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP*, 295 F.Supp.2d 457, 461-62 (D.N.J. 2003). District courts have federal question subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a claim to arise under federal law, the "well-pleaded complaint" must establish "either that federal law creates the cause of action or that the plaintiffs['] right to relief necessarily depends on resolution of substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for Southern Cal.*, 463 U.S. 1, 27-28 (1983). It is up to the defendant to show that federal jurisdiction exists and continues, which depends on "whether the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Collins v. Stevens Inst. of Techn.*, Civ. No. 15-4393, 2015 WL 10384507, at *1, *2 (D.N.J. Dec. 2, 2015) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 308 (2005); *Abels,* 770 F.2d at 29; 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3739).

### IV. ANALYSIS

Concerning the timing element of 28 U.S.C. § 1446(b)(1), Defendant Mortgagors removal was improper. On May 24, 2018, Plaintiff commenced this mortgage foreclosure action in the Superior Court of New Jersey, Chancery Division, Morris County. Defendant Julia Farah was personally served with the Summons and Complaint on May 29, 2018, and Defendant James Farah was served personally served with the same documents on June 11, 2018. Affidavits of

Service, D.E. 2-5.  Defendant Mortgagors therefore had until July 11, 2018 to remove this matter to federal court.  The Notice of Removal, however, was not filed until September 21, 2018— over two months passed the deadline.  *See Farina*, 625 F.3d at 114 (stating that the thirty-day time limit "is a procedural provision, not a jurisdictional one.") (citation omitted).

Defendant Mortgagors, however, rely on 28 U.S.C. § 1446(b)(3) to justify their tardiness. 28 U.S.C. § 1446(b)(3) provides that, "where a case was not removable based on the original complaint, the 30-day period may start to run 'upon receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may be ascertained that the case is one which is or has become removable.'"  *JPMorgan Chase v. Farah*, Civil No. 16-3056, 2016 WL 8674607, at *3 (D.N.J. Dec. 12, 2016) (quoting 28 U.S.C. § 1446(b)(3)).  Defendant Mortgagors submit that Plaintiff's motion to appoint a rent receiver constitutes "other paper" that sets forth "new information" from which it may be ascertained that the case has become removable.  Defs. Br. in Opp. to Mot. to Remand, D.E. 4, at 18.

"Classically, [28 U.S.C. § 1446(b)(3)] comes into play where, for example, the original complaint did not contain a federal claim, but an amended complaint does."  *JPMorgan Chase*, 2016 WL 8674607, at *2.  Plaintiff's Complaint is a two-count mortgage foreclosure action brought under New Jersey state law.  *See id.* at *3 (noting that a mortgage foreclosure action is "quintessentially a state law case."); *Deutsche Bank Nat. Trust Co. v. Harding*, 655 Fed.Appx. 113, 114 (3d Cir. 2016) (concluding that "a straightforward state-law foreclosure complaint . . . was not removable under 28 U.S.C. § 1441(a).").  It asserts no federal claims.  The issue, then, is whether "an amended pleading, motion, order, or other paper" made the case removable.  But Defendant Mortgagors do not identify any "new information" contained in Plaintiff's motion that

made the case removable.  Plaintiff's motion to appoint a rent receiver did not, nor could it have, asserted any additional claims—federal or state.[6]

Moreover, even assuming *arguendo* that Defendant Mortgagors' arguments present valid bases to remove the case,[7] the information supporting such was readily ascertainable from the Complaint's face.  As such, the thirty-day period for removal under § 1446(b)(3) would have begun on June 11, 2018 and expired on July 11, 2018.  Because Defendant Mortgagors did not file the Notice of Removal until September 21, 2018, their removal was untimely by any measure.

## V.  CONCLUSION

For the reasons stated above, the Undersigned respectfully recommends that the District Court grant Plaintiff's motion to remand [D.E. 2].

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

---

[6] In their brief, Defendant Mortgagors claim that Washington Mutual violated the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").  But that assertion, by itself, is insufficient to supply a basis for federal jurisdiction.  First, Plaintiff's Complaint does not assert a cause of action under FIRREA.  Second, Defendant Mortgagors' respective Answers do not appear to assert a defense under FIRREA.  Third, Washington Mutual is not a party to this action.  *See State v. $322,290.00*, Civ. No. 11-6467, 2012 WL 2993649, at *2 (D.N.J. July 5, 2012) ("[it] is not enough that a federal question is or may be raised as a defense; the controversy must be disclosed upon the face of the complaint unaided by the answer or by the petition for removal.").

Furthermore, Defendant Mortgagors' claim that *Excel Willowbrook, L.L.C. v. JP Morgan Chase Bank, Nat. Ass'n*, 740 F.3d 972, (5th Cir. 2014), stands for the proposition that violating any Purchase and Assumption Agreement creates federal question jurisdiction is inaccurate.  There, unlike here, the plaintiffs initially filed their complaint in federal court and asserted FIRREA violations against the defendant.  *Excel Willowbrook*, 740 F.3d at 976.

[7] The Court refers here to Defendant Mortgagors' arguments that Plaintiff: (1) does not possess valid title, (2) cannot establish standing, (3) cannot foreclose on the Property, and (4) the Purchase and Assumption Agreement "is a document subject to federal common law."

s/*Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated: December 18, 2018