UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., **Plaintiff,** v. JAMES FARAH, et al., **Defendants.** | Civ. No. 18-13946 (KM/MAH) **ORDER** |

IT APPEARING that this mortgage foreclosure action, No. F-011096-18, was filed in the Superior Court of New Jersey, Chancery Division, Morris County, on May 24, 2018 (DE 2-2); and it further

APPEARING that defendant Julia Farah was personally served on May 29, 2018, and that defendant James Farah was personally served on June 11, 2018 (DE 2-5) (these defendants referred to collectively herein as the "Mortgagors"); and it further

APPEARING that on August 16, 2018, the Mortgagors filed answers and counterclaims in state court (DE 2-3, 2-4); and it further

APPEARING that on August 27, 2018, the plaintiff, JPMorgan Chase Bank, National Association ("JPMorgan"), filed in state court a motion for appointment of a rent receiver (DE 1-3); and it further

APPEARING that on September 21, 2018, the Mortgagors filed a Notice of Removal (DE 1) of this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, based on this Court's federal question jurisdiction under 28 U.S.C. § 1331; and it further

1

APPEARING that on October 4, 2018, JP Morgan filed a motion (DE 2) to remand the case to state court, pursuant to 28 U.S.C. § 1447; and it further

APPEARING that the Mortgagors filed papers in opposition (DE 4) to the motion to remand, that JPMorgan filed a reply (DE 7), and that the Mortgagors filed a supplement to their opposition (DE 9); and it further

APPEARING that on December 18, 2018, Judge Hammer filed a Report and Recommendation that the motion to remand be granted, and the matter be remanded to state court;[1] and it further

APPEARING that on January 15, 2019, the Mortgagors, having been granted an extension of time to do so, filed an Objection (DE 15) to the Report and Recommendation; and it further

APPEARING that the Report and Recommendation concerns a dispositive matter, and is therefore reviewed by this Court *de novo*;[2] and it further

APPEARING, upon this Court's thorough, *de novo* review of Judge Hammer's well-reasoned Report and Recommendation, that it contains no error of law, abuse of discretion, or error of fact;

IT IS, this 27th day of February, 2019,

ORDERED that the Report and Recommendation (DE 10) is AFFIRMED and adopted in its entirety, as if set forth here in full; and it is further

---

[1] Judge Hammer found that removal was procedurally defective in that it occurred two months after the expiration of the 30-day deadline. *See* 28 U.S.C. § 1446(b)(1). JPMorgan's motion for appointment of a rent receiver, he held, was not an amended pleading containing a previously-unasserted federal claim that would restart the running of the 30-day deadline. *See* 28 U.S.C. § 1446(b)(3). He held in the alternative that the removal was jurisdictionally defective in that the state mortgage foreclosure complaint did not assert any federal claim, and matters asserted in defense are not relevant under the usual well-pleaded complaint rule. The governing principles of law are set forth in the Report and Recommendation, as well as a prior opinion of this court involving these parties, *JPMorgan Chase v. Farah*, Civ. No. 16-3056, 2016 WL 8674607 (D.N.J. Dec. 12, 2016) (McNulty, J.).

[2] *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); D.N.J. Loc. R. 72.1c(2); *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998).

ORDERED that the motion (DE 2) of JP Morgan to remand this case, No. F-011096-18, to the Superior Court of New Jersey, Chancery Division, Morris County, pursuant to 28 U.S.C. § 1447, is GRANTED.

The clerk shall close the file.

_____
HON. KEVIN MCNULTY, U.S.D.J.